Who's going to begin here? May it please the Court, my name is Alan Brabender and I represent the United States of America. I'd like to reserve five minutes for rebuttal today. This is an interlocutory appeal in a criminal case brought by the United States to seek justice for over 1,200 people in and around Libby, Montana, who are sick, dying or already deceased as a result of exposure to W.R. Grace products. Trial in this matter is set to begin on September 11, 2006. Specifically, this appeal challenges the District Court's December 5, 2005 and February 17, 2006 orders, excluding all witnesses not appearing on a witness list submitted one year before trial. Now, why, just to start out, why, in light of our clear circuit authority, that it takes more than just a conclusory statement of certification, wasn't there a statement of materiality as to the excluded evidence until your reply break? Well, Your Honor, I think that question – I think I need to analyze four cases to answer that question. The first – I think I probably do. I think I know which ones they are. The first two – It's pretty clear that there's a lot of angst in this circuit about getting unspecific certifications, where you just say, I certify that the evidence excluded is material. Well, the first two cases, United States v. Loud Hawk, United States v. Adrian, announced a rule that when the District Court makes a finding that certain evidence is not material – Okay. If you're going to argue that the rule isn't that you – is your answer that the position of the government is, the Ninth Circuit doesn't require that? Unless there's a specific finding in the District Court that the evidence is, in fact, not material. So that's your position. And our position is that this Court should not extend the rule of Loud Hawk and Adrian to situations where the District Court does not make that finding. Well, explain to me what happened here, because you did file a 3731 certification in the District Court that certainly does not meet the standards of this circuit. But what happened after that in the District Court? Was there a hearing? Did Grace contest it? There doesn't seem to be the usual order by the District Court accepting the certification or rejecting the certification. Well, Your Honor, the statute does not require anything more than the government to certify to the District Court that the appeal is not taken for purposes of delay and that the excluded evidence is material to a fact in the proceeding. That's all the statute requires. It requires a certification to the District Court. So you filed that, and then on your – and the government says so. All of a sudden, we have jurisdiction? That's correct. That's what Congress intended. Oh, really? Where do you get that Congress intended that? Well, first of all, the plain language of 3731 says that the United States attorney shall certify to the District Court.  of appeals. Moreover, 3731 was enacted to allow the government to appeal in all situations where the Constitution would permit. It was enacted because the courts were imposing hypertechnical jurisdictional requirements on the government before the courts would allow the government to interlocutory appeal. Congress fixed that, or at least tried to fix that, by allowing the government to appeal whenever the Constitution would permit. And there's nothing in the Constitution that prevents this – that prevents this Court from exercising jurisdiction over this appeal. Well, there's a little more background on it than that. It's the only opportunity a government has of attacking this order, because if they lose, they can't attack it. If they win, it doesn't make any difference. And the government was faced with only mandamus.  to bring to the court certain orders that ordinarily would not ever come to the court of appeals because of what transpires at the end of the case. So having that in mind, I assume that what you're saying is when the statute then asks that we do everything we can to make sure that it's liberally construed to the effectiveness of purpose. Is there any legislative history as to what the – its purposes are? That is, were to construe it liberally construed in effecting its purposes. Is there anything in the history of the statute that tells its purposes other than what I've been talking about, which is kind of obvious? I think other than those obvious things that you just mentioned, I'm not sure. But the legislative history does, I think, include a statement that Congress intended to remove all barriers to government appeal and allow appeal wherever the Constitution would permit. Well, whatever legislative history there may be and evolution, our cases have examined all of these arguments. And you're saying that the rule in the Ninth Circuit is that the insistence, repeated insistence of our appellate cases, that there be some specificity beyond the bald assertion only occurs in a case where there has been no contrary finding of the district court. And what case of our circuit stands makes that proposition? I don't think that issue has ever been raised in this Court, Your Honor. I see. And so all of the cases in which those statements have been made about the need for finding in the district court that the excluded evidence isn't material, is that what you're telling us? No. That came out of Loudhock and Adrian. And then there's, I think, two other cases, United States v. Gant and United States v. Polson, where the courts applied the rules of Loudhock and Adrian but never specifically addressed whether the rule should have been extended. So what you're saying is that we should ignore any case where we have said that you are specific beyond just a bald assertion of materiality. Any case that we have said that, if we don't specifically note that this is despite the fact that there's been an absence of a district court contrary finding. You're saying because you're raising it in this case, any case in which we would go back to look at the facts, where a statement of requirement of specificity has been made by this court, that we as a panel aren't bound by that in this case because those courts didn't, those panels didn't specifically address the question of whether or not that requirement of specificity applies where there has been no finding of immateriality by the district court. That's your opinion? Yes, that is what I would say. Okay. Thank you. What have the other circuits done with this issue? Well, the other circuits that I'm aware of, and there's I think at least three, have found that the certification just to the district court is enough to give the appellate court jurisdiction. And I always had the opportunity of being on both Lodhock and Adrian, which are the basic cases that we're involved with here. I remember that in Adrian, the district court happened to make that finding because there was a motion to stay in the district court during the time of the government attempted an appeal, and the district court in response to the motion to stay made a finding. I don't recall how it came up in Lodhock. That's been too long ago. But I assume there, too, a finding was made before it got to us. Would it be your position that if here in the district court, when you filed your 3731, if the district court had held a hearing and made a specific finding on the issue that you would not have jurisdiction? I think then we would have to make an additional showing of jurisdiction in this case. Okay. Then at that point, you couldn't just have the bare certification. So what you're saying is that that comes closer to the statute, that the bare certification is sufficient except in the Lodhock-Adrian situations where the district court has made a finding. Then you have to make a finding that trumps the district court. We have to make a showing, Your Honor, a showing that would be sufficient for this court to exercise appeal. So your position would be consistent with the other circuits except for the position, the situation where the district court makes a specific finding. Then you can't use the bare certification. You have to make the showing necessary to prove to us that we ought to take it. That's correct, Your Honor. Now, if you – if that is your position, why did you come forward in the reply with adding – identifying some witnesses in a study which you then later said actually wasn't in fact done, but you still tried to make that showing in the reply? That was out of an abundance of caution, Your Honor. And I think that showing does allow this court to exercise jurisdiction over this case. So do the other circuits give any meaning to the language of the statute that says substantial showing of – you must certify that the evidence is – that the evidence is substantial proof of a fact material in the proceeding? I mean, are there any other circuits that say what that language means? The other circuits take that language for – on its face, that the government must simply certify to the district court and that the U.S. Attorney's word is sufficient to allow the appellate court to exercise jurisdiction. And if – unless there are any other questions regarding this Court's jurisdiction, I'll move on to the merits. Okay. It is well settled that a district court may exclude evidence in a criminal case only where it finds a violation of a constitutional provision, federal statute, or specific discovery order. The district court made no such finding with respect to the excluded witnesses, documents, and studies. And for this reason alone, the district court's exclusionary orders should be reversed. We can speculate, and again I'll say speculate, that the district court's exclusionary presumed violations of the March 15, 2005 discovery order that required the United States to produce a finalized list of witnesses and its Rule 16 expert witness disclosures by September 30, 2005, which is nearly one year before trial. With respect to the excluded witnesses, if the district court's December 5 and February 17 orders were based on the belief that the United States violated the March 15 discovery order, that order exceeded the district court's authority and cannot provide a basis for its exclusionary actions. Was there an objection to that order that exceeded Rule 16 when it was made? No, Your Honor. So don't we have authority in this circuit that says that if there is a discovery order, the district court has the ability to manage the – especially a large case like this, and if there's a violation of a discovery order, then the court has jurisdiction or authority, rather, to enforce its case management orders. Didn't we have that in the Judge Peckman case, the Northern District? I'm remembering that one of those. Well, Your Honor, I don't think those cases address ultra-virus orders. And that's what we have here. And Hicks, this Court, has held that a district court exceeds its authority when it orders the government to produce a witness list in advance of trial. And, in fact, the district court even recognized in the December 2, 2005, status conference that it had no authority to order the government to produce a list and, therefore, couldn't exclude witnesses not appearing. The government exceeds to it, though. Doesn't that make it okay? I don't think we did exceed to it, Your Honor. Your Honor, we did submit a list of witnesses, but also in that submission we said that we continue to investigate the case and this is not our final witness list. But you didn't object at the time. So wouldn't the district court be able to take that as an acquiescence in the order and not that you would later come back and say, oh, you're acting outside the realm of your authority? I don't know if there was an opportunity for us to object, per se. I mean, it was a written order. I don't know how we would object to it. However, it got to you. No, you can file an objection. That was not done in this case. Or you could object at the status conference. There's lots of times you can object. Right. But we didn't object, but we also didn't believe that we were completely bound by that order. And I think our... You didn't tell anyone of your secret... Well, we did, but when we filed the witness list, we said that... Not until then, though. Right. But that is an objection. I think that it was a timely objection. That was sufficient. What was the objection you made at that time? I thought you just said we reserve the right to add and supplement this list. I think that can be construed as an objection to the order. It's pretty subtle. It may be. I mean, you have read our cases and you understand why Judge Malloy is concerned. You have a massive case. It's a criminal case. In a massive case, in a civil side, you guys would be out of luck because, you know, if the parties don't adhere to a pretrial discovery order, and we just saw the Washington case before us while you were sitting, you're out of court if you don't comply with the discovery order and file it. Now, the government has a special position here, and it is a criminal case. But here the judge is up front trying to manage a very massive case so that the people you were intending to vindicate, as you started out with, that there's a full and fair and orderly opportunity so that your case comes in in an orderly fashion. Nothing like wandering in the case, preparing it at the last minute, and finding witnesses who are being dragged in without preparation or whatever. And the district court is entitled to have some authority to manage this docket. So where's the dialogue and cooperation between the government and the district court in this case? You've seen in the reference that the government is, in Judge Malloy's view, always a step slow in complying with the discovery requirements here. Well, Your Honor, first of all, I think I would dispute that this is a massive trial. It involves eight defendants, eight counts, relatively straightforward crimes like obstruction of justice and annoying endangerment. In Judge Malloy's view, it was a massive trial, okay? He's a district judge. He's got a lot of cases. Maybe not to you because, you know, it's fun to be involved in a case like this, but for the district judge, and the district judge tells you candidly, it seems to me it's in one's interest to try to go along with what the judge is trying to do. And if you think he doesn't have the authority to do what he's doing, be up front about it. The point is taken, Your Honor. I'd also point out, though, that even if the district court could enforce that order, we did not violate that order by continuing to seek out witnesses. That order, if you interpret it in a constitutionally permissible manner, only requires us to disclose witnesses that we intended on calling as of the date of the submission. And we did that. As of the date of submission? The date of the September 30th date of submission. What about, as I thought it was interpreted, as the witnesses you intended to call in your direct case? That is correct, Your Honor. Isn't that what he clarified? That is correct. And I see I've run into my rebuttal time. All right. I'll let the rest of you. Good morning. May it please the Court. My name is Mike Shumsky. I'm here on behalf of the Appalese W.R. Grayson Company, the individual defendants in this criminal prosecution. I'd like to pick up on something that Judge Fisher said a moment ago and just highlight for the Court just how big this case really is. I'm sorry about that, Your Honor. I'll try to adjust the microphone. I think by any account, this was a massive prosecution and certainly one of the biggest cases in the District of Montana. Less than a month after the indictment in this case was returned, the parties informed the Court that they intended to introduce thousands of exhibits at trial, that they would call at least 140 witnesses and perhaps as many as 180 witnesses to testify live in court, and that before they even got to trial, they were going to exchange millions of pages of documents. Now, I think district courts typically have latitude to manage the orderly progression of proceedings. And I think Chief Judge Malloy, from the very ---- Are there substantial restrictions on the district court judge in a criminal case that are not placed upon the district judge in a civil case in managing large litigation? I'm not sure that that's true, Your Honor. I really think that this Court has recognized, and particularly I would point to the fact that courts really do have the power to ensure the orderly progression of proceedings. And let's start off with Gatto. How would you distinguish Gatto? Well, I would distinguish Gatto, I think, on the facts of that case. Unlike ---- That's right. Unlike this case, before the district court actually enforced its scheduling order here, it adjudicated both that the government had acted in bad faith throughout the course of the discovery. Let me ---- I think you're having difficulty. As I see it. Maybe you can tell me why you can distinguish it, because the case had absolutely nothing to do with the facts. It had to do with separation of powers. We recognized in Gatto that criminal cases are different. And because of separation of powers, we don't have the control over the government that we have over civil litigants. Now, let me read you part of it. The delay in disclosure, that's what it was about, in this case did not violate any constitutional provision, federal statute, specific discovery order, and any other recognized right except perhaps Rule 16. Moreover, the fact that Rule 16 contains specific remedies for its violation eliminates any justification for exercise of supervisory power to create any other remedy for it. We hold, therefore, that the separation of powers principle barred the district court from exercising any supervisory power to exclude the evidence in this case. And what we held was that there's no supervisory power in a criminal case over the government except what is in Rule 16. That's what we held. And we carved out that this would be different. We understood that we would run into large civil criminal cases. But we held that's what the Constitution and the statutes required. So my question to you is, in what way did the government violate Rule 16? Well, I think I would point out two things, Your Honor. I think, first of all, Gatto expressly recognized the district courts would have the authority to exclude evidence if the government had violated a specific discovery order. And in this case, I think it's – I think the government would be in an untenable position if it tried to argue that it hadn't violated the March 15th scheduling order. That case certainly recognized that courts in the first instance have the power to enter ordinary pretrial case management orders. But second – Well, it didn't. It specifically said the court has no supervisory power outside of Rule 16. Even – That's what Gatto holds. Even if that were the case, Your Honor, in this case, the district court specifically found that the government had run roughshod over its Rule 16 obligations, and in a series of orders entered on November 23rd – Specifically, how did the government violate Rule 16? The government violated Rule 16 in this case in several different ways. It refused to turn over material evidence that was in the possession of the investigating agencies in this case, including key evidence collected by the Environmental Protection Agency, which revealed a substantial dispute among people in the government over whether or not airborne asbestos posed a danger based on mere exposure. And that's clearly material to this case, and the government refused to turn over those internal agency documents to the defendants. The government also violated Rule 16 because it didn't fulfill its reciprocal discovery – or rather, reciprocal expert disclosure reports. The district court, in its November 23rd order and in its December 5th order, took a look at the government's expert submissions and found that they were clearly inadequate under binding case law in the District of Montana and under this circuit's case law. And the court in this case didn't just willy-nilly choose to exclude witnesses that the government had found after the fact. It only chose to enforce its pretrial case management order upon a demonstration both that the government had failed to comply with its discovery obligations in good faith – and we pointed that out in our recent 28-J letter, and you can also find that in the record at ER 71 and SER 206 to 207. And in addition, it only enforced that order after concluding on the record in a series of published opinions that the government hadn't complied with Rule 16. It only enforced that order after finding on the record that the government hadn't complied with Rule 16. So I think in these circuits – Complied with what? With Rule 16. Okay. I'm sorry I wasn't clear about that. And so even if it were the case that Gatto took away the district court's authority to exercise supervisory power in the first instance, in this case, I think the district court took reasonable steps upon adjudicating that the government had failed to comply both with a specific discovery order and with Rule 16. And I think in this – Is it your position that everything the district court judge did was under Rule 16? I think in this case, in addition to operating under Rule 16, the district court, particularly when it came to the evidentiary exclusions that the court ordered, was operating under Rule 17.1. And there, I think it's really important to point out to the court that the court held a pretrial case management conference at which the government specifically represented that it was prepared to go to trial in September of 2005. And when the court took out a calendar and said, give me a date for when you can provide competent and complete expert disclosures, and suggested September 30th, the government expressly represented to the court, quote, that would be good. And the court wrote that down in its calendar and memorialized it in a pretrial order. And I think having entered that order with the consent of the government, when the government failed to live up to its expert disclosure obligations – Entered the order with a consent? Was it a stipulation? It wasn't a stipulation. But under Rule 17.1, it's within the power of the court to memorialize the party's agreement in an after-the-fact order. And that's what it did here, based on the express representations that the government provided to it in open court. And I think it was perfectly appropriate, and certainly in a case of this size and complexity, for the court to enforce that order when the government failed to comply with it. And if I could, I'd like to step back for a minute and just emphasize to this court how monumental the task is in front of the district court. Montana is a very small district. There are only three active judges in this case. And I think Judge Malloy recognized from the very outset of this case that it was going to be impossible for him to preside over his other matters once trial got underway. And so very shortly after this case began, Chief Judge Malloy reached out to the neighboring districts and made arrangements to borrow visiting judges so that the additional third of Montana's caseload that he wouldn't be able to handle once this trial began wouldn't get stalled as this trial unfolded. And I think that made it all the more important for the judge in the first instance to be able to set forward a pretrial case management order that would allow for an orderly progression of this case and that would be... Can Rule 16 allow a pretrial discovery order? I believe that if Rule 16 doesn't expressly give the district courts the authority to set deadlines... Expressly or otherwise? It's been my experience that courts routinely enter pretrial case management orders, whether it's under Rule 16... It's under the cooperation of the government, but where does the authority come from if the government objects? Well, I would argue, I think, that GATA still preserves the district court's authority to enter these orders, but I think it's important to keep in mind that on the facts of this case, the government didn't object. It never expressed any qualms about the court's order, and as Judge Wardlaw pointed out earlier in questioning of the government, the government in this case complied with it along the way. And yes, it said we reserve our right to add witnesses, but the fact of the matter is when the district court came back on March 15th and entered that order, which by its plain terms required the government to disclose a finalized list of its witnesses, after providing six additional months for the government to conduct its investigation in this case, the government never said a word about it, and it proceeded accordingly. So what you're saying is there was no objection, and therefore, the government gets, or the district court has jurisdiction or power to do this regardless of what we said in GATA. That is, GATA will be insignificant unless an objection is made by the government. Is that your position? I'm not sure that I – although I recognize that you wrote the GATO opinion, I'm not sure that when I read that case it's as broad as you're trying to construe it here. I think, again, it – I thought it was well written. I thought it was extremely well written, Your Honor, although I think it's just not controlling on the facts of this case. And again, I want to reiterate, I think there's a very important factual difference between this case and GATO, which is that unlike GATO, this case involved an adjudicated violation of Rule 16. And GATO expressly says in that case there was no violation of Rule 16. The holding of that case, the reason why the court reached that conclusion in that case was because it found that the records that had been developed as a result of the Utah State trash search weren't within the actual control or possession of the government. In this case, you have diametrically opposite factual findings by the district court that the government had announced its intention to withhold documents that plainly were within its actual possession or control. And again, given the task that was facing the District of Montana, and frankly not just the District of Montana, but the surrounding districts that are going to be lending judges to the District of Montana. Well, this – Don't worry too much about that argument. The chief judge is not involved with that. The chief judge of the circuit does it. And they can get judges from any place in the circuit to help out Montana. So don't worry about Montana. It'll be well taken care of. I certainly appreciate that. Is this case still set for trial September 11th? Yes, it is, ma'am. And it's going? Yes, it is. At this point, it is. And the district court has announced its intention on a number of occasions to keep the September 11th, 2006 trial date firm. So our trial team is gearing up. I know the government is as well. But everybody is ready to camp out in Montana beginning in September and take this matter to trial for several months in all likelihood. And I really would like to address one issue in particular because I don't want to lose sight of this. I think the government's primary argument that the district court lacks the authority in the first instance to order it to disclose its witnesses is Hicks. And I think it's very important to make clear on the record that Hicks doesn't remotely control the outcome of this case. Hicks is a very, very different case. It didn't involve the government's objection to a district court order compelling the government to disclose its witnesses. Instead, it involves a convicted criminal defendant's challenge to a pretrial order compelling him to disclose his witnesses. And I think it's very important to recognize the difference between those two circumstances. But that's the objective in that case. At the time of the order in Hicks, Hicks filed written objections. Yes, that's absolutely correct, Your Honor. And in this case, not only do you not have a written objection that the government filed, but the government is differently situated with respect to the production of witness lists than the defendant is. As the district court in this case clearly recognized, the government bats first in a criminal trial when it goes to the grand jury and presents witness testimony. So it knows long before the trial date arrives who it intends to call. And despite the fact that the government had had several years in which to prepare its case and had tested its evidence in front of a grand jury, the district court provided the government with an additional six months to conduct further investigation and develop new witnesses. Now, the ---- Kennedy, I'd like to ask you a question. Is there anything in Rule 16 that allows the district judge to order that they cannot present certain witnesses? I'm not sure that there's anything in Rule 16 itself, but ---- Your argument has to be then if it's outside 16 that the government didn't object and therefore it's okay? It's in part that the government didn't object to it, but I would also like to point out that every other Federal Circuit Court of Appeals that I can find, the Second Circuit, the Third Circuit, the Fourth Circuit, the Fifth Circuit, the Sixth, Seventh, Eighth, Tenth, Eleventh, and D.C. Circuits have held that district courts in appropriate cases have the discretion to compel the government to disclose its witnesses prior to trial. And a holding in this Court that district courts lack any discretion at all in any case to order the government to compel its witnesses prior to trial would put this Court on the wrong end of a very, very profound circuit split. It would become the only court in the country that has taken that position on the record. And I think that there's ample reason in light of what we've talked about in this case in that conclusion here. But just as it's an ongoing program, they're finding more witnesses all the time and it continues on, what you're saying is the district court can say, no matter what you find in this period up to trial, even though you found the smoking gun, that witness is not going to be able to testify. I have two responses to your question, Your Honor. I think, first of all, in this case, it's important to recognize, again, that the district court has the authority to work with the government's characterization if it had been shut down, its investigation, after adjudicating that the government had violated Rule 16. And Rule 16 itself provides the authority for an exclusionary sanction. But I think that the second point, and I want to make sure that I say this before my time runs out, is that in this case the government hasn't found the smoking  gun. In fact, if you look at who they brought forward in their reply brief, there's very little evidence that any of those witnesses were unavailable to the government at the outset. I understand. But there's something to what I'm saying. Even if between now and September they find a smoking gun, they can't use it. That is, the cutoff date is one year before the trial, correct? I think that's correct under the district court's order. So the district court says there's, from the last year before trial, no matter who you come up with, you're not going to do it. That goes a little bit further than Rule 16 allows. But if I understand correctly, you say that's because there's no objection. But didn't the prosecution make clear to the district court that it's an ongoing program and they may have witnesses? So isn't that an objection? I'm not to quote Judge Wardlaw. It's an awfully implicit and awfully subtle objection. Or Judge Fischer, I apologize. That's an awfully subtle way. I think there are those humble lawyers that appear before district judges and are sometimes overwhelmed. But aren't the government indicating that they do need to have the opportunity of bringing additional witnesses? I'm just a little concerned about saying this issue is off the table because the government didn't object as such when the government made it crystal clear that it was continuing its investigation and may have more witnesses. I mean, again, what I would say, and I'm sorry if I'm beating the drum here, but it's not just that the government didn't clearly object on the record here. It's that the district court found that they had been dragging their feet throughout the course of the party's discovery exchange, that they had engaged in bad faith and that they had violated Rule 16. Is there anything in his order or his rulings that suggests that we should be cognizant of that if they came up today with the key witness, the what's-her-name, the lawyer who they made the movie about? Aaron Brockovich. Aaron Brockovich went out freelance and proffered to the government, look who I found that you didn't uncover. Is there anything to suggest in Judge Malloy's orders so far that if they made a showing to him that they couldn't get relief from the December order that did the exclusion? Judge Fischer, there is nothing expressly in the December 5th order that provides that. But I want to point out that if Aaron Brockovich does come forward with a ---- Not Brockovich. Brockovich is the freelancer who gives them the witness. Sure. I don't want to get into hearsay. Sure. But if she comes forward with the smoking gun witness and lets the United States Attorney know that, there's a procedure under Montana's local rules for them to seek relief from this judgment. Under Local Rule 7.3, which is incorporated into the criminal rules in the District of Montana, you can move for reconsideration on the basis of new facts at any time. The government didn't seem to have much trouble coming up with a list of new witnesses in its reply brief, and it had an opportunity to present those to the district court without improvidently trying to take an interlocutory appeal to this court. It could have gone to the district court, made a demonstration that the witnesses it wanted to call were truly unavailable, and absolutely critical to it. I just want to ask one last question on this jurisdictional issue, 3731, where if I understand the government correctly, what it's arguing is that its bare assertion that it has evidence that substantial proof of a fact material in the proceeding is sufficient here because the district court below didn't make a ruling. Now, it seems to me that whether the district court made a ruling or didn't make a ruling is either something one of the parties ought to make happen, or it sounds like it's a happenstance in some cases. So it doesn't seem like a really good rule to me to articulate at this point. But that being said, is the – possibly one solution would be to do a limited remand to let the district court rule in the first instance on whether or not this appeal should be certified. I appreciate your sentiment. I don't think that a limited remand is really necessary in this case, Judge Wardlaw. I really do think that in the cases that the government focuses on, it was absolutely happenstance that the district court made that finding. In those cases, while the government's appeal to this court on the suppression of evidence was pending, the defendants moved for dismissal under Federal Rule of Criminal Procedure, and it just happened that because the defendants had made that motion under a different Federal Rule of Criminal Procedure that the district court opined on the validity of the certification. But my understanding of the way that Rule 3731 certifications work is that they're really no different than notices of appeal. They're filed in the district court in the first instance, but they're designed to enable this Court's appellate jurisdiction. This Court, at the end of the day, is the ultimate arbiter of whether or not an appeal was providently or improvidently taken by the government. And here, again, in Tillett's reply brief, which deprived us of the opportunity to adequately respond to their late evidentiary submissions, the government didn't even attempt to meet its burden. And if I could just say one last thing, I know my red light is on. I recall from my days as a law clerk on this Court that when the district court publishes its underlying opinion, this Court has a practice of publishing its opinion. I don't believe it was noted in either party's brief, but in this case, the district court did publish its December 5th order. I've got the citation right here, if you give me one moment. I just wanted to bring that to the Court's attention so that you can either choose or not choose as it deems fit to follow that circuit practice. The citation for the district court's order is 402 F sub 2nd 1178. I thank the Court. Thank you very much. Okay. You have some rebuttal time. Mr. Brabender. The United States never violated Rule 16 with respect to the expert witness documents and studies. W.R. Grace does not dispute that the documents and studies or that the district court's order applied only to documents within the government's actual custody, possession and control. The government turned over all documents and studies within its actual custody, possession or control. And the district court did not find otherwise. The newly discovered documents and studies, that issue here, fall outside the scope of the district court's order. Now, to the extent W.R. Grace complains. We have a new study, right? I mean, you only cited in your reply brief to one study, and you wrote us a letter and said, well, it's actually not done yet. So, and that was just a few weeks ago. So we don't really have a new study, do you? We actually do have a new study. It was released on July 3rd of 2006. It's the National Institute for Occupational Safety Study, submitted to a journal for publication. And the report analyzes asbestos-related occupational respiratory disease mortality rates among workers who mined, milled and processed Libium vermiculite. The study will show that the exposure to the Libium vermiculite caused. In any event, is that newly discovered evidence? Is that the point? Yes, it is. So have you moved the district court to bring it in under the Montana rule that you suggested you could invoke? He takes a different view, I think, of that order than we would. That's just a typical. He being whom? W.R. Grace's counsel takes a different, I think. You're saying you don't have any. Well, we've already moved to reconsideration. Sorry to interrupt, Your Honor. I'm just trying to find out. You say you have newly discovered reports. You couldn't have turned over if you didn't have it at all. It didn't exist. So how – if that was not a violation of the Rule 16 order, then – or discovery order, then are you saying there's no way to get to the court to say, you know, this is something we couldn't have, and it's just come out? I think the district court has made clear that all documents and studies that the government discovers are excluded, whether they're newly discovered or not. We moved for reconsideration in the district court, and the district court denied reconsideration. On this report? No, not this report. So we should just assume that the district court is hard-hearted and so stuck in the sand that he's not going to recognize the fact that the government didn't disclose or turn something over that didn't even exist. That's what you want us to assume. Well, I think that illustrates the problem with the district court's order. That is, it's overly broad. It excludes too much. It excludes everything under the sun. What the district court should have been doing was it – it should be making these determinations on a case-by-case basis. On your Rule 16, you said you turned over everything that was in your actual possession or control. And I've – it's been a couple of days since I've gone back, but I remember there's one of the orders, Judge Malloy, I thought he was talking about the government's overly restrictive view of what it believed to be its disclosure obligation under Rule 16. Are you saying that if it wasn't in your possession, it was in some other agency's? Are you saying you're beyond that and you did, in fact, turn over everything that he ordered in the more – the broader construction of possession and control? I'm saying all documents and studies our expert witnesses intend to rely upon at issue here were turned over. That was an unrelated agency document that – All right. So just to clarify, so the study you referenced that was issued July 3rd is the study that you were referring to in your reply brief? No. That is a different study that has come out since our reply brief. So that's a different study altogether. Right. I can submit a 28-day letter if you wish to describe this – if you wish me to describe the study further. So, okay. So, all right. So that is not the one you were talking about here? No. So are you still expecting the one you were talking about in your reply brief? They expect it imminently, they tell me. Pardon me? Soon it will be released, they tell me. I'm sorry. I can't – who's they? I'm sorry. The trial attorneys tell me that the Lockheed study referred to in the reply brief will be released soon. Actually, Your Honor, may I briefly address this? Over your time, is there something additional? Well, yes. I'll make it very quick. The government respectfully requests a limited remand, because right now the district court is without jurisdiction to move forward in trial. We request a limited remand to allow the district court to move forward. It's not. It only is without jurisdiction as to the matters that are within the subject of your interlocutory appeal. Right. But because of the nature of our interlocutory appeal, the court is without jurisdiction to move forward. I can cite a Seventh Circuit case, United States v. Santriccio, I believe, Judge Posner, 236 F. 3rd, 812, Seventh Circuit, 2002. And it deprives the district court of all jurisdiction to proceed? Right. So you think everything that's been going on up in Montana is ultraviolent? It deprives the district court from impaneling a jury. I see. All right. Which it doesn't need to do until September 11th. That's correct. But if this Court does not decide the matter by then, we would ask for a limited remand. All right. Thank you, Counsel. United States v. Grace will be submitted, and this session of the Court is adjourned. All rise.
judges: Wallace, Wardlaw, Fisher